1

2

3

**UNITED STATES DISTRICT COURT**

4

**DISTRICT OF NEVADA**

5

* * *

Lisa M. R.,

Case No. 2:22-cv-01734-DJA

6

Plaintiff,

7

**Order**

v.

8

Martin O'Malley[1], Commissioner of Social

9

Security,

10

Defendant.

11

12        Before the Court is Plaintiff Lisa M. R.'s motion for reversal and/or remand (ECF No. 12)

13   and the Commissioner's countermotion to affirm (ECF No. 18).  Plaintiff did not file a reply.

14   Because the Court finds that the Appeals Council's step four analysis is not supported by

15   substantial evidence, the Court grants in part Plaintiff's motion for reversal and/or remand (ECF

16   No. 12) and denies the Commissioner's countermotion to affirm (ECF No. 18).  The Court orders

17   that the case be remanded for further proceedings.  The Court finds these matters properly

18   resolved without a hearing.  LR 78-1.

19   **I.        Background.**

20            **A.        Procedural history.**

21        Plaintiff filed an application for a period of disability and disability insurance benefits on

22   April 6, 2020 alleging disability commencing December 12, 2019.  (ECF No. 12 at 3).  The

23   Commissioner denied the claim by initial determination on June 25, 2020.  (*Id.*).  The

24   Commissioner denied reconsideration on August 13, 2020.  (*Id.*).  Plaintiff requested a hearing by

25   an Administrative Law Judge ("ALJ").  (*Id.*).  The ALJ issued an unfavorable decision on May 3,

26   2021.  (*Id.*).   Plaintiff requested review by the Appeals Council on June 23, 2021.  (*Id.*).

27

28   [1] Martin O'Malley is now the Commissioner of Social Security and substituted as a party.

Upon review, the Appeals Council made the same findings as the ALJ regarding steps one through three and the RFC finding. (AR 6-7). At step four, however, the Appeals Council relied on the vocational expert testimony to find that Plaintiff could perform her past relevant work as an office manager. (AR 6-7). On that basis, the Appeals Council found Plaintiff not disabled. (AR 7). The Appeals Council issued its notice regarding this decision on August 25, 2022, on which date the Appeals Council decision became the final decision of the Commissioner. (AR 7).

## B.    The ALJ decision.

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520(a). (AR 346-366). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 12, 2019. (AR 348). At step two, the ALJ found that Plaintiff has the following severe impairments: spinal degenerative disc disease, neuropathy, obesity as a second factor under SSR 19-2p, and migraine headaches. (AR 348). At step three, the ALJ found that the Plaintiff's impairments or combination of impairment did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 352). In making this finding, the ALJ considered Listings 1.15, 1.16, 11.03, and 11.14. (AR 352).

At step four, the ALJ found that Plaintiff has a residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) subject to limitations. (AR 353). Those limitations include that, "[s]he requires a sit/stand option, which allows her to work while sitting or standing, alternating between the two positions with the time in either position and the frequency of position change at her sole discretion." (AR 353). At step five, the ALJ found Plaintiff incapable of performing any past relevant work—including work as an office manager— but that she could perform occupations such as office helper, electronics worker, and routing clerk. (AR 364). Accordingly, the ALJ found that Plaintiff had not been disabled from December 12, 2019 through the date of the decision. (AR 365).

On review, the Appeals Council agreed with the ALJ's findings under steps one, two, and three of the sequential evaluation. (AR 4-7). However, the Council found that, "based on a hypothetical that was consistent with the [ALJ's] residual functional capacity finding, the

1   vocational expert testified that the claimant could perform her past relevant work as an office

2   manager." (AR 6). "Through the date of the decision, the claimant was capable of performing

3   her past relevant work as an office manager, because this work did not require the performance of

4   work-related activity precluded by the claimant's residual functional capacity." (AR 6). The

5   Appeals Council thus found that Plaintiff was not disabled from December 12, 2019, the alleged

6   onset date, through May 3, 2021, the date of the ALJ's decision. (AR 6).

7   **II.     Standard.**

8          The court reviews administrative decisions in social security disability benefits cases

9   under 42 U.S.C. § 405(g). *See Akopyan v. Barnhard*, 296 F.3d 852, 854 (9th Cir. 2002). Section

10   405(g) states, "[a]ny individual, after any final decision of the Commissioner of Social Security

11   made after a hearing to which he was a party, irrespective of the amount in controversy, may

12   obtain a review of such decision by a civil action…brought in the district court of the United

13   States for the judicial district in which the plaintiff resides." The court may enter, "upon the

14   pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the

15   decision of the Commissioner of Social Security, with or without remanding the case for a

16   rehearing." *Id.* The Ninth Circuit reviews a decision of a District Court affirming, modifying, or

17   reversing a decision of the Commissioner *de novo*. *Batson v. Commissioner*, 359 F.3d 1190,

18   1193 (9th Cir. 2003).

19          The Commissioner's findings of fact are conclusive if supported by substantial evidence.

20   *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the

21   Commissioner's findings may be set aside if they are based on legal error or not supported by

22   substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir.

23   2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines

24   substantial evidence as "more than a mere scintilla but less than a preponderance; it is such

25   relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

26   *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d

27   1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are

28   supported by substantial evidence, the court "must review the administrative record as a whole,

weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).  Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record.  *Batson*, 359 F.3d at 1193.  When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation.  *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995).

**III.    Disability evaluation process.**

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995).  To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  More specifically, the individual must provide "specific medical evidence" in support of her claim for disability.  20 C.F.R. § 404.1514.  If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy.  *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled.  *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).  If at any step the ALJ determines that she can make a finding of disability or non-disability, a determination will be made, and no further evaluation is required.  *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).  Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA").  20 C.F.R. § 404.1520(b).  SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit.  *Id*. § 404.1572(a)-(b).  If the individual is engaged in SGA, then a finding of not disabled is made.  If the individual is not engaged in SGA, then the analysis proceeds to step two.

Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id.* § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. *Id.* § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28. If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's RFC, which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1520(e); *see also* SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; *see also* SSR 16-3p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must evaluate the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527.

Step four requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last fifteen years or fifteen years before the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b) and 404.1565. If the individual has the RFC to perform her past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

Step five requires the ALJ to determine whether the individual can do any other work considering her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). If she can do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42

**IV.     Analysis and findings.**

         ***A.      The parties' arguments.***

At issue is the vocational expert's ("VE") testimony in response to the ALJ's question that "if the person required a sit/stand option, meaning if the person could work while sitting or standing, alternating between the two positions with the timing of position or frequen[cy] of position chang[ing] at the sole discretion of the employee, could such a person work as a receptionist, office manager, or customer complaint clerk?" (AR 316). The VE responded to this question, "I would say just the office manager." (AR 316). However, the ALJ found that the Plaintiff could not perform her past relevant work of an office manager. (AR 364). On review, the Appeals Council determined that "based on a hypothetical that was consistent with the decision's residual functional capacity finding, the vocational expert testified that the claimant could perform her past relevant work as an office manager" (AR 6). The Appeals Council thus found Plaintiff not disabled. (AR 7).

Plaintiff argues that, during the ALJ's questioning of the VE, the ALJ did not ask the VE whether the VE's testimony conflicted with the Dictionary of Occupational Titles (DOT).  (ECF No. 12 at 8).  Plaintiff adds that the ALJ later acknowledged in his written opinion that portions of the VE's testimony—including her sit/stand testimony—were inconsistent with the DOT descriptions of the office helper, electronics worker, and routing clerk positions.  (*Id.* at 8); (AR 365).  But the ALJ's written opinion did not address that conflict with the DOT's description of the office manager position.  (*Id.* at 10).  Plaintiff asserts the ALJ also failed to address SSR 83-12, which acknowledges that some managerial jobs allow a person to sit or stand "with some degree of choice" but that most "jobs have ongoing work processes which demand that a worker be in a certain place or posture for at least a certain length of time to accomplish a certain task." (*Id.* at 10).  Plaintiff argues that this omission matters because the VE testified that Plaintiff could work as an office manager because in that job, Plaintiff could sit or stand at will, which implies more freedom than "with some degree of choice."  (*Id.* at 10-11).  Plaintiff argues that the ALJ's failure to reconcile these inconsistencies was an error because the Appeals Council ultimately relied on the VE's testimony in concluding that Plaintiff retained the residual functional capacity to perform her past relevant work as an office manager.  (*Id.* at 7).

The Commissioner responds that there is no conflict between the VE's testimony and the DOT description for officer manager, which does not address a sit/stand limitation.  (ECF No. 18 at 5-6).  The Commissioner points out that, to the extent there was a conflict, the ALJ addressed that conflict in his written decision when deciding that the conflict between the VE's testimony and the DOT descriptions for office helper, electronics worker, and routing clerk had a reasonable explanation.  (*Id.* at 6).  Regarding SSR 83-12, the Commissioner asserts that the ALJ appropriately consulted the VE to clarify the implications of the sit/stand option as it relates to the job of office manager.  (*Id.* at 7).  The Commissioner also argues that Plaintiff's interpretation of SSR 83-12's "degree of choice" language as something more restrictive than "at will" is a red herring.  (*Id.*).  The Commissioner concludes by pointing out that the RFC "allows [Plaintiff] *to work* while sitting or standing," meaning that it does not matter how long Plaintiff sits or stands because she is capable of working in either position.  (*Id.*).

1      **B.      Analysis.**

2          Before an ALJ can rely on a VE's testimony, SR 00-4p requires the ALJ to ask the VE

3   whether his testimony is consistent with the DOT.  *See also Massachi v. Astrue*, 486 F.3d 1149,

4   1152 (9th Cir. 2007) (holding the ALJ may not rely on a VE's testimony "without first inquiring

5   whether the testimony conflicts with the *Dictionary of Occupational Titles.*").  As the Ninth

6   Circuit explained:

7                  SSR 00–4p unambiguously provides that "[w]hen a [vocational
                   expert] ... provides evidence about the requirements of a job or
8                  occupation, the adjudicator has *an affirmative responsibility* to ask
                   about any possible conflict between that [vocational expert] ...
9                  evidence and information provided in the [*Dictionary of
                   Occupational Titles*]." SSR 00–4p further provides that the
10                 adjudicator "*will* ask" the vocational expert "if the evidence he or
                   she has provided" is consistent with the *Dictionary of Occupational
11                 Titles* and obtain a reasonable explanation for any apparent conflict.

12

13                 *Id.* at 1152-53 (emphasis in original).

14         The ALJ may rely on the VE's testimony "'even if it is inconsistent with the job

15  descriptions set forth in the *Dictionary*[.]'" *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir.

16  1995) (quoting *Conn v. Secretary of Health and Human Services*, 51 F.3d 607, 610 (6th Cir.

17  1995)).  However, in the event there is a conflict (or an apparent conflict) between the VE's

18  testimony and the DOT, the ALJ must determine whether the VE's explanation regarding why the

19  plaintiff can still perform a certain occupation is reasonable and provide a basis for relying on the

20  VE's testimony rather than on the DOT.  SSR 00-4p; *Lamear v. Berryhill*, 865 F.3d 1201, 1206

21  (9th Cir. 2017) ("When there is an apparent conflict between the vocational expert's testimony

22  and the DOT—for example, expert testimony that a claimant can perform an occupation

23  involving DOT requirements that appear more than the claimant can handle—the ALJ is *required*

24  to reconcile this inconsistency.") (emphasis in original); *see also Moore v. Colvin*, 769 F.3d 987,

25  990 (8th Cir. 2014) ("The ALJ is not absolved of this duty [to reconcile conflicts] merely because

26  the VE responds 'yes' when asked if h[is] testimony is consistent with the DOT.").  Accordingly,

27  the ALJ errs when (1) he does not ask if the VE's testimony is consistent with the DOT and (2)

28

1    when he does ask but there is no explanation for a conflict in the record.  *See Massachi*, 486 F.3d

2    at 1154 n.19; *see also Tommasetti v. Astrue*, 533 F.3d 1035, 1042 (9th Cir. 2008).

3            Here, the ALJ did not ask the VE whether her testimony was consistent with the DOT.

4    (AR 312-22).  Plaintiff raises this in her opening brief, but the Commissioner does not address it

5    in response.  However, before even reaching the issue of whether the VE's testimony actually

6    conflicts with the DOT's description for office manager or whether the ALJ adequately explained

7    that conflict, the Court must first determine whether the ALJ asked that question in the first place.

8    And here, the ALJ did not.

9            This error is not harmless given the apparent conflict that exists between the Social

10   Security Administration's understanding of managerial jobs where a person "can sit or stand with

11   a degree of choice" and the ALJ's hypothetical and RFC—on which the Appeals Council based

12   its non-disability determination—that Plaintiff can sit or stand "at her sole discretion."  *See*

13   *Tommasetti*, 533 F.3d at 1038 (explaining the harmless error doctrine that the ALJ's decision

14   need not be remanded or reversed if "it is *clear* from the record that the ALJ's error was

15   inconsequential to the ultimate nondisability determination") (internal quotations omitted)

16   (emphasis added).  Although the VE's testimony does not squarely conflict with the DOT [2], this

17   discrepancy is enough for the Court to find that the ALJ's error was not harmless.  It is true, as

18   the Commissioner points out, that the DOT's description for the office manager position does not

19   contain discussion regarding sit/stand limitations or allowances.  But, as Plaintiff points out, the

20   hypothetical the ALJ posed to the VE and ultimately included in the RFC—that Plaintiff be able

21   to sit or stand "at her sole discretion"—contemplates a greater degree of choice than what SSR

22   83-12 has acknowledged is true of certain managerial jobs.

23

24   _____

25   [2] The Commissioner relies on the unpublished Ninth Circuit's decision in *Dewey v. Colvin* for the
     proposition that, where the DOT is "silent on whether the jobs in question allow for a sit/stand
26   option" there is no conflict with a vocational expert's testimony that a claimant can perform a job
     with a sit/stand option.  (ECF No. 18 at 5).  However, the Commissioner ignores that, in *Dewey*,
27   the Ninth Circuit specifically noted that the ALJ first complied with his requirement to "confirm[]
     that the VE's testimony did not deviate from the DOT."  *Dewey v. Colvin*, 650 Fed.Appx. 512,
28   214 (9th Cir. May 26, 2016) (unpublished).  Here, the ALJ did not comply with that requirement.

This omission is also troublesome where the ALJ acknowledged that the VE's sit/stand testimony conflicted with the DOT's descriptions of *other jobs*, but never acknowledged the conflict with the office manager job. (AR 365). And even when acknowledging the conflict with these other jobs, the ALJ did not adequately explain why or how the VE gave a reasonable explanation for the inconsistency. (AR 365). Instead, the ALJ simply states that "[a]lthough the vocational expert's testimony is inconsistent with the information contained in the *Dictionary of Occupational Titles* (*DOT*), there is a reasonable explanation for the discrepancy," without describing that explanation. (AR 365). So, the ALJ's discussion of this inconsistency does not save the ALJ's failure to ask if the VE's testimony was consistent with the DOT in the first place.

Because the ALJ did not ask whether the VE's testimony was consistent with the DOT and did not explain the apparent conflict in the record, the Court cannot determine whether substantial evidence supports the Appeals Council's determination that the Plaintiff could still perform her past relevant work as an office manager given her RFC limitations of sitting and standing "at her sole discretion." Accordingly, the Court will order that this case be remanded to explore the apparent conflicts between Plaintiff's sit/stand limitations and the position of office manager.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for reversal and/or remand (ECF No. 12) is **granted in part and denied in part.** It is granted to the extent that this case be remanded for further proceedings and denied in all other respects.

**IT IS FURTHER ORDERED** that this case be **remanded** for further proceedings to explore the apparent conflicts between Plaintiff's sit/stand limitations and the position of office manager.

**IT IS FURTHER ORDERED** that the Commissioner's cross motion to affirm (ECF No. 18) is **denied.** The Clerk of Court is kindly directed to enter judgment accordingly and close this case.

DATED: January 16, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE